**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ARTEM KOSHKALDA,** | Case No.   4:19-cv-05696-YGR |
| Appellant, | **ORDER AFFIRMING CONTEMPT ORDER AND MONETARY SANCTIONS** |
| vs. | |
| **SEIKO EPSON CORPORATION, ET. AL.,** | Re: Dkt. Nos. 12, 13, 14 |
| Appellees. | |

*Pro se* appellant Artem Koshkalda brings this appeal from a Contempt Order issued by the Bankruptcy Court of the Northern District of California.  Mr. Koshkalda avers that the bankruptcy court abused its discretion in issuing a Contempt Order against him and that the bankruptcy court clearly erred in its factual findings leading to the Contempt Order.  The bankruptcy court issued the Contempt Order as to Mr. Koshkalda for failing to comply with discovery orders, a discovery hearing, and an order to show cause.

Based on the parties' briefing, the designation of record, and for the reasons stated below, the Court **AFFIRMS** the bankruptcy court's Contempt Order.

I.      **BACKGROUND**

The Court summarizes the record as relevant to the disposition of this appeal. Thus:

In 2016, Seiko Epson Corporation and Epson America, Inc. (collectively, "Epson") filed a trademark infringement action and related claims against appellant Mr. Koshkalda and other defendants in the United States District Court for the District of Nevada.[1]  After litigation, the District of Nevada found Mr. Koshkalda in contempt, due to violations of court orders, and

---

[1]   *Seiko Epson Corporation et al. v. InkSystem LLC, et al.*, Case No.  3:16-cv-00524-RCJ (D. Nev. 2017).

discovery abuses.  The district court issued a $12 million judgment against him and his co-defendants, which was affirmed by the Ninth Circuit.[2]

On January 5, 2018, a week after the District Court of Nevada entered final judgment in the civil proceeding, Mr. Koshkalda filed for chapter 11 bankruptcy.[3]  On May 1, 2018, Epson filed an Adversary Proceeding to deny Mr. Koshkalda discharge from the final judgment on seven grounds, specifically his alleged fraudulent transfers and failure to keep and preserve adequate records.  Dkt. No. 1, Appellant's Excerpts of Record, 1:4-28; *see also* 11 U.S.C. § 727 *et seq*.

In May 2019, during the discovery phase of the adversary proceeding, Epson noticed depositions for Mr. Koshkalda's parents.  Epson asserted the depositions would demonstrate whether Mr. Koshkalda had fraudulently transferred company assets through his parents accounts, or would show a failure of a preservation of record for such transactions; both of which are necessary evidence to fulfill Epson's claim for a denial of discharge in the adversary bankruptcy proceeding.  Mr. Koshkalda conceded he was not a bookkeeper, but asserted that the law did not require him to be, and further claimed that some invoices did not exist since the business was on hold through the district court proceedings.

On May 28, 2019, Epson submitted an informal discovery dispute letter to the bankruptcy court requesting the court compel Mr. Koshkalda to provide his parent's address to be served for a deposition. (Dkt. Nos. 12 at 13; 13 at 15.)  On June 6, 2019, Mr. Koshkalda served Epson and the court with responses to interrogatories, wherein he objected to the geographical infinity of Epson's request, and identified an address at 4210 Monterey Road, space #72, San Jose, CA 95111 ("Monterey address") – where he had last visited his parents before they left to the Ukraine.  (Dkt. Nos. 221, 230.)  Mr. Koshkalda did not provide the residence of his parents, nor any other address.

On June 11, 2019, the bankruptcy court issued an order for Epson to attempt to serve Mr. Koshkalda's parents at the Monterey address by no later than June 21, 2019, and for Epson to file

---

[2] *Seiko Epson Corp v. Koshkalda*, 799 F. App'x 463 (9th Cir. Dec. 27, 2019) (setting final judgment against Mr. Koshkalda and codefendants at $12 million with a permanent injunction).

[3] *In re Artem Koshkalda*, Case No. 18-30016-HLB (Bankr. N.D. Cal.).

United States District Court
Northern District of California

United States District Court
Northern District of California

a declaration indicating whether, based on these efforts, Mr. Koshkalda's parents resided at the address.  (Dkt. No. 197.)  On June 20, 2019, Epson filed the declaration attesting that they (1) retained a service processer to serve the parents at the address (2) the process server determined it was a unit at a mobile home park but upon attempting to serve at the park, they were informed the parents were not at the unit Mr. Koshkalda identified.  (Dkt. No. 209.)

On June 21, 2019, bankruptcy court issued a further order ("First Order") regarding the discovery dispute, ordering Mr. Koshkalda to appear in person and testify as to "(a) accurate addresses for each residence currently used by [the parents]; (b) the names of their current employer(s); and (c) accurate, current addresses for each of their current employers".  (Dkt. No. 210.)  On July 2, 2019, the hearing took place, and Mr. Koshkalda provided an international address in the Ukraine, where his parents were then located, apparently for a funeral.  (Dkt No. 271.)  The bankruptcy court found Mr. Koshkalda's testimony not credible, since he failed to provide an address of residence in the United States, thereby failing to comply with the bankruptcy court's orders, and failed to cooperate with and participate in discovery in good faith.[4]

On July 3, 2019, the bankruptcy court issued an Order to Show Cause Why Appellant Should Not be Held in Contempt and Sanctioned ("OSC") which required (i) Mr. Koshkalda to file a response to the OSC by July 18th with the same information of the First Order, (ii) Epson to reply by July 25th, and (iii) Mr. Koshkalda to appear in person for a hearing on August 8th.  (Dkt. No. 221.)  The OSC stated that Mr. Koshkalda's failure to comply with the OSC would lead to sanctions, which may include, but would not be limited to, "issues sanctions (such as entry of an adverse factual finding against [Appellants] on particular issues), monetary sanctions, or terminating sanctions (such as striking [Appellants] answer and entering his default)." (*Id.*).

On July 18, 2019, Mr. Koshkalda filed a response to the OSC supported with a sworn declaration – stating he contacted his parents, informed them the Court questioned his credibility, and then provided an address for his parents at 5822 Charlotte Dr., flat 3430, San Jose, CA 95123

---

[4] Mr. Koshkalda responded to questions by the court saying he "had no knowledge at the moment" of his parents' current address, which the court found either untrue, or a failure to comply with the order to obtain such information.

United States District Court
Northern District of California

1    ("San Jose address").  (Dkt. No. 230.)  The declaration did not specify the type of address, whether

2    the address was valid or current, or the address of the parents' employers.  On July 25, 2019,

3    Epson filed its reply, stating that the address was not confirmed current, and requesting an award

4    of monetary sanctions in the amount of attorney's fees and costs in connection with the attempts to

5    serve and locate the parents.  (Dkt. No. 250.)  The declaration in support of the reply stated the

6    San Jose address had associations with Mr. Koshkalda's father at least as of March 2019 but could

7    not confirm any time thereafter due to unsuccessful attempts to serve at that address.

8    Mr. Koshkalda requested leave of the Court to file a sur-reply, which the Court granted,

9    and which Mr. Koshkalda filed on August 6, 2019.  (Dkt. Nos. 252, 256, 257.)  In his sur-reply,

10   Mr. Koshkalda provided his mother's identification card, and father's driver's license, both

11   redacted in their issue dates and containing the San Jose address.  The sur-reply also requested that

12   the bankruptcy court deny Epson's request for monetary sanctions, and that the OSC hearing

13   should be vacated due to compliance.

14   On August 8, 2019, the bankruptcy court held a hearing on the OSC.  The Court asked Mr.

15   Koshkalda to explain why he should not be sanctioned for his discovery abuses and failure to

16   comply with court orders.  (Dkt. No. 265.)  The court concluded that he had "been trying to thwart

17   and evade [Appellees'] completely legitimate efforts to depose [his] parents" by failing to produce

18   the United States addresses at three previous requests.  (*Id.*)

19   On August 15, 2019, the bankruptcy court issued the Contempt Order finding Mr.

20   Koshkalda in contempt, imposing issue and evidentiary sanctions with respect to Epson's

21   allegations regarding transfers to and through Mr. Koshkalda's parents, and ordering Epson to file

22   a declaration as to the amount of fees and costs for consideration of an award of monetary

23   sanctions.  (*Id.*)

24   On August 20, 2019, Mr. Koshkalda filed a motion to reconsider the Contempt Order.

25   (Dkt. No. 272.)  He supported this motion with non-redacted copies of his parents identification

26   cards, with the issue dates of March 2019, a translated death certificate demonstrating the purpose

27   of the parents visit to the Ukraine, and provided a lease renewal letter, suggesting the parents were

28   located at the San Jose address at November 2018.  Further, Mr. Koshkalda asserted there were no

1  inconsistencies with his testimonies to his parent's associations with the provided addresses, and

2  that the court was erroneous to conclude otherwise.  However, Mr. Koshkalda did not provide an

3  explanation of why he had not provided the court or Epson with the addresses earlier, nor why he

4  continued to not provide the parents' work or employer addresses.

5         On August 27, 2019, before the bankruptcy court could rule on the motion to reconsider

6  the Contempt Order, Mr. Koshkalda filed this Appeal from the Contempt Order.  (Dkt. No. 296.)

7         On September 6, 2019 Epson filed an electronic declaration[5] attesting to attorney's fees

8  and costs incurred for the Court to consider for monetary sanctions.  Mr. Koshkalda did not object

9  nor request an opportunity to respond.

10          On September 19, 2019, the bankruptcy court denied the motion to reconsider the

11  Contempt Order.  (Dkt. No. 369.)

12         On October 3, 2019, the bankruptcy court entered an order imposing monetary sanctions,

13  for a reduced amount of Epson's requested fees and costs.  (Dkt. No. 415.)  On October 15, 2019,

14  the Court reduced the monetary sanctions to a separate judgment.

15         The parties have fully briefed the appeal. (Dkt. Nos. 12-14.)

16  **II.    LEGAL STANDARD**

17         This court has jurisdiction of the appeal from the Contempt Order issued by the bankruptcy

18  court.

19         On appeal, civil contempt orders are reviewed for ***abuse of discretion***.  *F.T.C. v.*

20  *Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).  There are strong policy reasons to review

21  bankruptcy court decision under this standard of review, namely to maintain consistency in the

22  standard applied to both district and bankruptcy court sanction decisions, and to strengthen the

23  bankruptcy courts' authority to police the bankruptcy bar.  *In re Morrissey*, 349 F.3d 1187, 1190

24  (9th Cir. 2003).  A lower court's findings of fact in connection with the civil contempt order is

25  reviewed for ***clear error***.  *Id*.  In overturning a lower court's decision, the lower court's discretion

26

27         [5] Both parties noted that the declaration was unsigned; Epson argues the lack of signature

28  was inadvertent, but otherwise complied fully with the Local Rules.

United States District Court
Northern District of California

1    will not be changed unless there is a definite and firm conviction that the court committed a clear

2    error of judgment in its conclusion. *Payne v. Exxon Corp.*, 121 F.3d 503, 307 (9th Cir. 1997); *see*

3    *also S.E.C. v. Elmas Trading Corp.*, 824 F.2d 732, 732 (9th Cir. 1987) (concluding the district

4    court did not clearly err in finding that appellant is able to comply with orders of production, such

5    that civil contempt against appellant was proper).

6    **III.   ANALYSIS**

7         Mr. Koshkalda avers factual and legal arguments appealing the Contempt Order. The

8    Court address the factual arguments first before addressing the legal arguments.

9         **A.   Factual Arguments**

10        Mr. Koshkalda avers that the bankruptcy court erroneously made the following factual

11   findings in support of the Contempt Order, specifically that he, Mr. Koshkalda, (i) had earlier

12   provided a false addresses for his parents; (ii) did not comply with the First Order on June 21,

13   2019; (iii) did not simply misunderstand the First Order; and (iv) offered no valid excuse as to

14   why he had not offered the address nor made any attempt to obtain it – especially when it was

15   originally requested. Based on the then record, like other addresses provided by Mr. Koshkalda,

16   the bankruptcy court (v) suspected that this address was invalid too. (Dkt. No. 265.) Under the

17   clear error standard of review, the bankruptcy court's findings of fact and the conclusions drawn

18   therefrom will not be set aside unless, on the whole of the record, the reviewing court forms a

19   strong, unyielding belief a mistake has been made. *In re McCarthy*, 488 B.R. 814, 825 (1st. Cir.

20   B.A.P. 2013).

21        *False Addresses*: The bankruptcy court concluded that Mr. Koshkalda provided four

22   erroneous addresses, and three of those in bad faith. (Dkt. No. 265.) Mr. Koshkalda avers that the

23   four addresses were places of his parent's residence, and that he did not offer contradicting

24   testimony in providing the addresses. (Dkt. No. 271.)

25        Mr. Koshkalda does not persuade. Mr. Koshkalda provided different addresses each time

26   Epson or the bankruptcy court asked. That Mr. Koshkalda originally submitted the license and

27   identification card with the San Jose address with a redacted issue date, then submitted the

28   documents with the issue date, even after previous requests for a recent address, demonstrate that

United States District Court
Northern District of California

6

1    his actions were intentionally misleading.  The bankruptcy court did not clearly err when finding

2    that Mr. Koshkalda provided the addresses in bad faith, or erroneously.

3           *Failure to Comply with the First Order*:  The bankruptcy court concluded that Mr.

4    Koshkalda did not comply with the First Order as he failed to provide accurate addresses for each

5    residence currently used by his parents, and failed to provide the names and address of any current

6    employers.  (Dkt. No. 80.)  Mr. Koshkalda avers his testimony at the corresponding hearing on

7    July 2 demonstrated that he contacted his parents, where they could be notified at their Ukrainian

8    address, and, since his parents are self-employed, the requirement to disclose an employment

9    address was not required.  This argument fails, as Mr. Koshkalda has still failed to attest that his

10   parents are self-employed, and did not appropriately provide the location of their self-employment.

11   Moreover, Mr. Koshkalda ignores the plain text of the First Order as well as the discovery

12   requests made prior to the First Order: these requests sought the *addresses* of his parents, not

13   merely their *current physical locations*.  Therefore, the bankruptcy court did not err in concluding

14   that Mr. Koshkalda failed to provide addresses of his parents' employers or employment.

15          *Misunderstanding of First Order*:  Mr. Koshkalda claims that he misunderstood the First

16   Order requiring him to provide his parents address, and that is why he provided the Ukrainian

17   addresses for his parents, since that was the address his parents could have been served *at that*

18   *moment*.  This argument does not persuade.  The bankruptcy court had asked Koshkalda to make a

19   reasonable effort to inquire into his parent's *address* – not merely their current physical location.

20   By initially providing the Ukrainian address only, and thereafter providing a United States

21   address, Mr. Koshkalda proves he did not make a reasonable inquiry at the time he was asked to

22   do so and was being evasive in providing the correct address for his parents.  Indeed, as the

23   bankruptcy court noted: this is a case pending in the Northern District of California, and no

24   mention of taking a deposition in the Ukraine had even been mentioned; Mr. Koshkalda had

25   admitted that he had visited his parents in San Jose on several occasions, yet, could not provide an

26   address or even an approximate address; instead, the attempts appear to be nothing more than a

27   "willful[] attempt[] to thwart [Epson's] efforts to conduct legitimate discovery and that he lied to

28   the Court while under oath." (Dkt. No. 265.)

*No Valid Excuse*:  The bankruptcy court found that Mr. Koshkalda offered no valid excuse, other than an implausible misunderstanding, as to why he had not offered the San Jose address, nor made any attempt to obtain it, when it was originally requested.  (Dkt. No. 265.)  Mr. Koshkalda argues that the address request was not clear, he had not known the exact United States address since "he had not been there for more than 15 years", the request itself was so specifically asked that the request for a United States address was outside the scope of the interrogatory, and Mr. Koshkalda could not have produced the address during an evidentiary hearing because he merely testified to answers he received from his parents.  (Dkt. No. 12.)  These arguments also lack merit.  Mr. Koshkalda was ultimately able to find an adequate address for his parents based on his father's license, and his mother's identification card.

This Court does not review a bankruptcy court's findings of fact unless there is a clear, obvious, strong belief a mistake has been made.  Here, there is no such belief that the court erred in finding a lack of sufficient excuse in Mr. Koshkalda's attempt to explain why he could not provide an adequate address for his parents.

*Suspicion of the New Address*:  The bankruptcy court suspected that the address Mr. Koshkalda provided was wrong, due to the extensive history of misleading addresses he provided.  In response, Mr. Koshkalda argues that the addresses provided were valid, not false, and further that Epson did not argue as to the truthfulness of the information provided.  After a review of the record, it is clear that Mr. Koshkalda had previously provided misleading, or false addresses in his attempts to evade service for his parent's deposition notices.  It is not an obvious mistake for the bankruptcy court to conclude that the final address may not be a proper residence to serve his parents.  Therefore, the bankruptcy court's conclusion that the address provided was untruthful is not a clear error, and this court will not overturn this conclusion.[6]

---

[6] Mr. Koshkalda further avers that the bankruptcy court erred by not vacating the OSC and OSC Hearing, since he provided a local address. The bankruptcy court, however, had also asked in the OSC to provide how long the parents were associated with the address, and to demonstrate the correctness or validity of the address.  Mr. Koshkalda had also failed to comply with the OSC by providing or explaining an address for his parents' employers, and by further redacting the issue date of the license and identification card when he provided the addresses in his sur-reply. Therefore, these argument lacks merit.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

### B.    Legal Arguments

Mr. Koshkalda avers that the bankruptcy court erred in holding him in civil contempt and in imposing monetary sanctions on him.[7]

A bankruptcy court's decision to hold someone in civil contempt, and to impose sanctions, is reviewed under the abuse of discretion standard. *In re Kenny G Enterprises*, 2018 WL 1225184, at *2 (C.D. Cal. 2018).  An abuse of discretion occurs if a judge fails to apply the proper legal standard, fails to follow proper procedural rules in making the determination, or bases an award on factual findings that are clearly erroneous.  *Fed. Trade Comm'n v. WV Universal Management, LLC,* 877 F.3d 1234, 1239 (11th Cir. 2017).

Parties in litigation have an "affirmative duty to engage in pretrial discovery in a responsible manner, consistent with the spirit and purposes of [discovery] rules 26 through 37." Fed. R. Civ. Proc. 26(g) advisory committee's note to 1983 amendment.  Parties have a "duty to cooperate in discovery, and should not abuse the rules by improperly refusing discovery." *MJG Enters., Inc. v. Cloyd*, 2012 WL 12964345, *2 (D. Ariz. Oct. 30, 2012) (internal citations omitted). When a party fails to "obey an order to provide or permit discovery", the court may impose sanctions under Civil Rule 37, and Bankruptcy Rule 7037, including "striking the pleadings in whole or in part" or directing that the matters embraced in the order are taken as established for purposes of the action, as the prevailing party claims.  Fed. R. Civ. Proc. 37(b)(2)(A)(i), (iii). United States Bankruptcy Courts have the power to impose civil contempt sanctions.  *Oliner v. Kontrabecki*, 305 B.R. 510, 520 (N.D. Cal. 2004).  These sanctions must either be compensatory or coercive.  *In re Nguyen*, 447 B.R. 268, 282 (B.A.P. 9th Cir. 2011); *see also In re Dyer*, 322 F.3d 1178, 1189-90 (9th Cir. 2003) (recognizing the Bankruptcy Court's authority to impose civil contempt sanctions under 11 U.S.C. § 105(a)).

Here, the record is clear: Mr. Koshkalda failed to comply with his affirmative duty to participate in discovery, and to make a reasonable investigation into responding to interrogatories.

---

[7]  Mr. Koshkalda does not challenge on appeal the evidentiary sanctions imposed by the court in the Contempt Order, nor does Mr. Koshkalda challenge the specific amount of the monetary sanctions ultimately imposed.

Mr. Koshkalda continuously evaded discovery requests for his parents addresses, and failed to investigate further to comply with these requests.  The bankruptcy court warned Mr. Koshkalda to comply with his discovery obligations.  A bankruptcy court has the power to impose sanctions as a result of failing to comply with an order.  Indeed, after he failed to comply with the First Order asking for specific, valid, local addresses, the bankruptcy court issued sanctions.

The abuse of discretion standard is satisfied when a bankruptcy judge fails to follow applicable procedural rules or fails to apply the proper legal standard.  Here, the bankruptcy court did not err in ordering Mr. Koshkalda to provide an address for the court to determine as valid.  When he failed to provide a valid and current address for his parents, failed to explain why he had not earlier found the San Jose address, only identified the address as a previous residence in his sur-reply to the OSC, and failed to provide an address for his parents' employers, he disobeyed the bankruptcy court's orders.  Therefore, the ordering of sanctions was proper, and in accordance with civil procedural rules.

The order for sanctions was entered under civil contempt for failing to abide by discovery rules.  11 U.S.C. § 105; Fed. R. Civ. Proc. 37; Fed. R. Bankr. Proc. 7037.[8]  The sanctions are both evidentiary and compensatory.  The sanctions merely compensate Epson for its efforts in attempting to depose Mr. Koshkalda's parents from May 1, 2018 to the day of the Contempt Order.  In general, a court is required to order a disobedient party to a discovery order to pay the reasonable expenses, including attorney's fees, caused by the failure to comply with a court's discovery order.  Fed. R. Civ. Proc. 37(b)(2)(C); *see also Sali v. Corona Regional Medical Center*,

---

[8]  Koshkalda's arguments as to Epson being the moving party, and that the sanctions imposed holds him in criminal contempt do not persuade.  As Epson points out, courts have a fundamental power to institute sanctions, especially where misconduct occurs before them. *See International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827, fn. 2 (1994) ("Direct contempts that occur in the court's presence may be immediately adjudged and sanctioned summarily . . . and, except for serious criminal contempts in which a jury trial is required . . . the traditional distinction between civil and criminal contempt proceedings does not pertain[.]") (omitting citations).  Second, sanctions are only "criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance, ***and the fine is not compensatory***." *In re Dyer*, 322 F.3d at 1192 (internal citations omitted; emphasis supplied).  Here, as discussed, these sanctions include evidentiary sanctions (both issue and evidentiary) and monetary sanctions for *compensation* due to Koshkalda's conduct in the discovery process.

United States District Court
Northern District of California

884 F.3d 1218, 1222 (9th Cir. 2018) (analyzing Rule 37(b) sanctions to broadly extend to orders relating to discovery).  The monetary sanctions are a reimbursement of Epson's attorney's costs and fees for litigating the discovery dispute.  In fact, the bankruptcy court later decreased the amount to what it believed was a fair, reasonable rate.  Accordingly, the sanctions were within the bankruptcy court's authority in governing proceedings, and within the applicable law, and thereby not an abuse of its discretion.

Mr. Koshkalda further avers that the monetary sanctions were invalid (i) since Epson failed to sign the declaration setting forth fees and costs and (ii) since he was not given due process for a fair opportunity to respond to the request for monetary sanctions.

The Court disagrees.  First, although Epson failed to sign the declaration setting forth fees and costs, the declaration was deemed valid in accordance with Bankruptcy Court Local Rules. L.B.R. (N.D. Cal.) 5005-2(a)-(b) (holding a pleading as valid if the name of the signatory is present, and the pleading was filed using their CM/ECF identification and password).

Second, a party's due process is infringed if the failure to comply with a discovery order is due to circumstances beyond the disobedient party's control.  *Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 784 n.8 (9th Cir. 1983).  Indeed, due process requires only that a court impose sanctions "after affording an opportunity to be heard." *Paladin Associates, Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).   A party can avoid sanctions by showing that it attempted in good faith to comply with a discovery order, but was unable to produce the nonparty, regardless of whether the nonparty's absence is justified.  *Sali*, 884 F.3d at 1223.

Here,  the bankruptcy court did warn Mr. Koshkalda in the First Order that it would issue an OSC if he failed to comply with that order, actually issued the OSC with an express warning that it would issue monetary sanctions, allowed Mr. Koshkalda to file a response (and sur-reply), and held the August 8 Hearing. *See, e.g., Ritchie v. United States*, 2005 WL 8166164 at *1 (N.D. Cal. Jun. 6, 2005) ("what due process requires is notice of the possibility that sanctions may be imposed and an opportunity for the litigant or attorney to defend himself or herself against the allegations of misconduct").  Mr. Koshkalda failed to comply with the discovery order.  The monetary sanctions arose from the failure to comply with the First Order and the OSC – not a

United States District Court
Northern District of California

11

separate motion for sanctions.  Based on this failure, the bankruptcy court invited Epson to "weigh in" on appropriate sanctions for the July 2 Hearing on the OSC, and further noted the consideration of monetary sanctions, if he failed to comply with the OSC.  (Dkt. No. 80.)  Mr. Koshkalda had the opportunity to demonstrate a good faith effort to find an adequate valid, current, local address to serve his parents, as well as an address for their employment.  Instead he merely attempted to evade his responsibilities altogether: he failed to explain his parents' self-employment, and failed to provide an address for their self-employment; he gave an international Ukraine address at the July 2, 2020 hearing, stated he had no knowledge at that moment of any other address; in response to the OSC, he only provided an address without any evidence of validity or whether it was current, stating that his father had given it to him; and then in a surreply provided redacted issuance dates of identification cards for his parents, which could not be used to confirm the newly provided address.

In sum, the issuance of monetary sanctions was proper, following the express warning from the bankruptcy court, and Mr. Koshkalda's failure to comply.  The bankruptcy court did not abuse its discretion in imposing monetary sanctions, and did not infringe on Mr. Koshkalda's right to due process.

## IV.   CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Contempt Order, on appeal for abuse of discretion.

The Clerk of the Court is directed to appropriately close this matter.

**IT IS SO ORDERED.**

Dated: March 24, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**